EDWIN J. BOOSIN and MORRIS BOOSIN, Respondents, *v.* BIRD DRESS COMPANY, INC., Appellant.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

**Accord and satisfaction — goods sold and delivered — when checks with memoranda thereon constitute a complete accord and satisfaction.**

Defendant gave plaintiff checks for goods sold and delivered. One was marked in ink " A/c." A second check was marked on left hand side " In full settlement of account as shown below. If incorrect please return at once. No receipt necessary." In the items that followed the marking on the second check was included the amount of the first check as a credit. Plaintiff indorsed each check " Received this check on account " and cashed them. Thereafter defendant gave plaintiff a third check at the head of which were the words " This check in settlement of the following bills," setting forth various items of debit and credit between the parties to the date of the check. At the bottom of the memorandum of debits and credits appear the words " Paid in full." Plaintiff indorsed this check " Received this check on account " and cashed the same. *Held*, that the retention and use of the second check with the memorandum constituted a complete accord and satisfaction as to the items specified thereon and the retention and use of the third check also constituted a complete accord and satisfaction as to the items specified thereon irrespective of whether or not the words " Paid in full " were on the check at the time it was given as such words have no greater effect than the words " in settlement of the following bills." Judgment reversed and complaint dismissed on the merits.

APPEAL by defendant from judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiffs.

*Levy & Nemerov (Joseph Nemerov,* of counsel), for appellant.

*Irving I. Kremer (Robert L. Turk,* of counsel), for respondents.

GUY, J. The action was brought to recover a balance alleged to be due for goods sold and delivered. There was a dispute between the parties as to the discount defendant was entitled to on its purchase.

On November 12, 1921, defendant gave plaintiffs one check for $500, marked in ink " A/c." and another check for $851.87, marked on left-hand side of check " In full settlement of account as shown below. If incorrect please return at once. No receipt necessary." In the items that followed was included as a credit item the $500 paid by previous check of the same date. Plaintiffs retained and cashed these checks, indorsing on the back of each the words, " Received this check on account." This indorsement did not change the character of the transaction. The retention

and use of the second check with the memorandum that it was in full settlement of the account specified constituted a complete accord and satisfaction as to such items, which appear by the record to have been the only items of debit and credit between the parties at that time. See *Freid* v. *Hoffman*, 194 N. Y. Supp. 805; *Triangle Conduit Co.* v. *Klorman*, 181 id. 366, 367.

On December 20, 1921, defendant gave plaintiffs a third check for $1,636.58, at the head of which were the words, " This check in settlement of the following bills," setting forth various items of debit and credit, and, so far as the record discloses, including all items of debit and credit between the parties to that date. There also appear at the bottom of the memorandum of debits and credits the words, " Paid in full," plaintiffs claiming that these words were added after the check had been cashed and returned to the defendant; defendant contending and proving clearly by a preponderance of evidence that these words were on the memorandum at the time the check was given. This check was also indorsed by plaintiffs, " Received this check on account," and was cashed by plaintiffs. The retention and use of this third check with the words " in settlement of the following bills " also constituted a complete accord and satisfaction as to those items of debit and credit set forth in the memorandum, whether the words " Paid in full " were on the check or not at the time it was given, such words having no greater effect than the words " In settlement of the following bills."

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

BIJUR and DELEHANTY, JJ., concur.

Judgment reversed.